UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHERYL GEARY-ROTHENBERG, on behalf of herself and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ABILITY RECOVERY SERVICES, LLC<br>　　　　Defendant. | ) Case No.:<br>)<br>)<br>) CLASS ACTION COMPLAINT<br>)<br>) AND<br>)<br>) JURY TRIAL DEMAND<br>)<br>)<br>)<br>) |

## CIVIL COMPLAINT AND JURY TRIAL DEMAND

Plaintiff, Cheryl Geary-Rothenberg, on behalf of herself (hereinafter "Plaintiff"), and all others similarly situated, by and through her undersigned attorney, alleges against the Ability Recovery Services, LLC (hereinafter "Defendant") as follows:

## PRELIMINARY STATEMENT

1.　This is an action for damages arising from Defendant's violations of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, brought by Cheryl Geary-Rothenberg, in her own individual capacity, and on behalf of a class of other, as of yet unidentified, similarly situated individuals.

2.　The Congressional findings and declaration of purposes section of the FDCPA, 15 U.S.C. 1692, *et seq.*, reads as follows:

> **(a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.**

**(b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.**

**(c) Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.**

**(d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.**

**(e) It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.**

3.  It was precisely the type of behavior described in this complaint that the FDCPA was enacted to prevent. Defendant's letter attempts to scare her into making payments with threats of poor credit scores.

## JURSIDICTION AND VENUE

4.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §1692k (d).

5.  Venue is proper in this district under 28 U.S.C § 1391(b).

## PARTIES

6.  Plaintiff, Cheryl Geary-Rothenberg, is a natural person, who at all relevant times has resided in the city of Buffalo, Erie County, State of New York, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7.      Defendant is incorporated and does business in the State of New York, with its corporate mailing address as 284 Main Street, Dupont, PA 18641, and is a "debt collector" as defined by 15 U.S.C § 1692a(6).

## CLASS ACTION ALLEGATIONS

8.      Plaintiff brings this action as a class action, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of herself and all persons/consumers, along with their successors-in-interest, who have received similar debt collection notices/letters/communications from Defendant which, as alleged herein, is in violation of the FDCPA, and who reside in the State of New York as of one year from the date of Plaintiff's Complaint (the "Class").  Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant as impracticable. On information and belief, tens of thousands, of persons have received debt collection notices/letters/communications from Defendants, which violate various provisions of the FDCPA.

9.      This Class satisfies all the requirements of FRCP Rule 23 for maintaining a class action.

10.     The Class is so numerous that joinder of all members is impracticable.  On information and belief, thousands of persons have received debt collection notices/letters/communications from Defendant which violate various provisions of the FDCPA.

11.     The debt collection notices/letters/communications from Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

12.     There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of

law and fact include, without limitation: (i) Whether Defendant violated various provisions of the FDCPA; (ii) Whether Plaintiff and the Class have been injured by Defendant's conduct; (c) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

13. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

14. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C. § 1692(k).

15. The members of the class have claims which are unlikely to be vindicated in the absence of a class action.

16. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

17. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

18. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

19. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of their statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

20. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL STATEMENT

21. Upon information and belief, and at all times relevant to this litigation, Defendant Ability Recovery Services has engaged in a course of collection attempts on a consumer debt, allegedly owed by Plaintiff, which originated and remains due and owing with Walden University. The debt allegedly stemmed from unpaid tuition ("Subject Debt"), which was utilized for Plaintiff's own personal use and is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

22. The Subject Debt dates back to 2009, and is well past the (7) years limit upon which accounts can remain on a consumer's credit report.

23. By way of written correspondence dated March 14, 2017, Defendant attempted to collect on the Subject Debt ("Collection Letter").

24. A copy of the collection letter is attached hereto marked "**Exhibit A**," and reads in pertinent part as follows:

> This is a very serious matter that requires your immediate attention. Any further delay in making payment will adversely affect your credit rating.
>
> Sincerely,
>
> ZULY LOPEZ
> (855) 207-1892x218

25. The collection letter was received and read by Plaintiff on or about March 17, 2017.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLECTIONS PRACTICES ACT
## 15 U.S.C. §1692(e)(2)(A), 15 U.S.C. §1692(e)(5) & 15 U.S.C. §1692(e)(10)

26. Plaintiff repeats and realleges the allegation contained in paragraphs 1 through 25 above and incorporates them with the same force and effect as if set forth specifically herein.

27. Defendant caused the Collection Letter to be sent to Plaintiff, which was received and read by Plaintiff on or about March 17, 2017.

28. The Collection Letter read in pertinent part as follows:

> This is a very serious matter that requires your immediate attention. Any further delay in making payment will adversely affect your credit rating.
>
> Sincerely,
>
> ZULY LOPEZ
> (855) 207-1892x218

29. At the time the Collection Letter was sent, and upon information and belief, there were no trade lines bearing the Subject Debt, whether by the original or current creditor, or by Ability on any of Plaintiff's credit reports.

30. The Consumer Financial Protection Bureau has addressed the issues surrounding the language debt collectors have used in collection letters. More specifically, citing examples of situations where these statements are false, deceptive and misleading. *See Consumer Fin. Protection Bur., CFPB Bulletin 2013-08, Representations Regarding Effect of Debt Payments on*

*Credit Reports and Scores* at *1 (July 10, 2013). A copy of the bulletin in its entirety is attached hereto marked "**Exhibit B**."

31. Defendants' statement regarding her credit score is a violation of 15 U.S.C. § 1692e(2)(A), insomuch as, and upon information and belief there were no trade lines on Plaintiff's credit report at the time the Collection Letter was sent, the statement mischaracterized the legal nature and status of the Subject Debt.

32. Defendant's statement alluding to the fact they may, or have already, reported this account to the credit bureau(s) is a violation of 15 U.S.C. § 1692e(5), insomuch as it is a threat to which they cannot legally perform due to the age of the debt.

33. Defendants' statement regarding her credit score is a violation of 15 U.S.C. § 1692e(10), insomuch as, it is deceptive and misleading to persuade consumers to make payments on debts while enticing them with promises of higher credit scores.

34. This type of language is nothing less than deceptive, abusive and wholly misleading.

35. Defendant's actions have caused damage to Plaintiff to which she is entitled relief.

## JURY TRIAL DEMAND

36. Plaintiff demands a trial by jury on all issues so triable.

## RELIEF

WHEREFORE, Plaintiff, Cheryl Geary-Rothenberg, requests that this Court enter judgment against the Defendant, and on behalf of Plaintiff for the following:

A. That an order be entered certifying the class as described above, pursuant to Fed. R. Civ. Pro. 23(b)(3).

B. That an order be entered declaring the Defendant actions, as described above, in violation of the FDCPA;

C.  That judgment be entered against the Defendant, and for all class members, for actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

D.  That judgment be entered against the Defendant and for all class members, for statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B);

E.  That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3);

F.  That the Court enjoin Defendants from further misrepresenting the effects of a consumer's failure to dispute the debt within the applicable (30) day period under 15 U.S.C. §1692g, *et seq*.

G.  That the Court grant such other and further relief as may be just and proper.

Dated this 13th day of March, 2018

Respectfully Submitted,

s/ Matthew T. Sheffield                    /
Attorney for Plaintiff:
Matthew T. Sheffield, Esq
Law Offices of Michael Lupolover, P.C.
120 Sylvan Avenue, Suite 303
Englewood Cliffs, NJ 07632
(T): (201) 461-0059
(F): (201) 608-7116
(E): ms@lupoloverlaw.com